IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| W.R. GRACE & CO., *et. al.*, | : | CIVIL ACTION NO. 11-199 (Lead Case) |
| | : | CIVIL ACTION NO. 11-200 |
| | : | CIVIL ACTION NO. 11-201 |
| Debtors. | : | CIVIL ACTION NO. 11-202 |
| | : | CIVIL ACTION NO. 11-203 |
| | : | CIVIL ACTION NO. 11-207 |
| | : | CIVIL ACTION NO. 11-208 |
| | : | CIVIL ACTION NO. 09-644 |
| | : | CIVIL ACTION NO. 09-807 |
| | : | |
| | : | *Procedurally Consolidated.* |

**CONSOLIDATED ORDER REGARDING MOTIONS FOR RECONSIDERATION**

**AND NOW**, this 11th day of *June*, 2012, the Court hereby Orders that:

**1.** Upon consideration of the Motion of the Plan Proponents[1] to Amend the Memorandum Opinion (Docket No. 169), the Joint Motion of Sealed Air Corporation, Cryovac, Inc. (collectively "Sealed Air/Cryovac"), and Fresenius Medical Care Holdings, Inc. ("Fresenius") to Amend and Clarify the Memorandum Opinion and Order (Docket No. 171), and the Libby Claimants' Response (Docket No. 181), it is hereby **ORDERED** that:

    a.    The Motions are **GRANTED**;

    b.    An amended version of the Court's Memorandum Opinion and adjoining Order ("Amended Memorandum Opinion" and "Amended Order") are hereby attached to this Consolidated Order;

    c.    The Amended Order attached to the Amended Memorandum Opinion now includes additional language clarifying that <u>all</u> injunctions and releases in the Joint Plan, and not merely the 11 U.S.C. § 524(g) injunction, are approved,

---

[1] The Plan Proponents consist of: (1) the Debtors; (2) the Official Committee of Asbestos Personal Injury Claimants; (3) the Asbestos PI Future Claimants' Representative; and (4) the Official Committee of Equity Security Holders.

issued, and affirmed. The Amended Order reads as follows (additions are noted by italicization of text):

> It is **FURTHER ORDERED** that an injunction pursuant to 11 U.S.C. §524(g) is hereby issued in accordance with the terms of the Joint Plan and attendant Plan documents and the recommended findings of fact, conclusions of law as expressed in the Bankruptcy Court's recommended Confirmation Order and the Bankruptcy Court's Memorandum Opinion Overruling Objections to the Joint Plan of Reorganization (*including each of the injunctions, releases, and indemnifications set forth in the Joint Plan and the recommended Confirmation Order*) are *incorporated by reference herein, issued, affirmed, and* approved in their entirety. The Joint Plan and its Asbestos PI and Asbestos PD Injunctions protect any person or entity that is an Asbestos Protected Party, a term defined in Plan Sections 1.1(51)(a) through (*l*) and as may be amended from time to time pursuant to the terms of the Joint Plan.

d. The language in Part IV, Section I of the Memorandum Opinion, entitled <u>The Libby Claimants' Right to Trial by Jury Claims</u>, is slightly altered to better reflect the actual terms of Grace's Joint Plan, and to avoid any suggestion that the § 524(g) injunction is temporary or that an asbestos claimant may sue any party other than the relevant asbestos trust;

e. Certain wording changes in Part IV, Section I of the Memorandum Opinion, entitled <u>The Libby Claimants' Right to Trial by Jury Claims</u>, have been made to make clear that under Grace's Joint Plan, Sealed Air/Cryovac and Fresenius will transfer their settlement payments directly to the PI or PD Trusts (as opposed to Grace or its bankruptcy estate) on the Effective Date (as opposed to upon Confirmation of the Joint Plan), as well as to reflect that such transfers do not constitute assets of Grace or its bankruptcy estate, but rather are assets of the PI or PD Trusts;

f. Part IV, Section I of the Memorandum Opinion, entitled <u>The Libby Claimants' Right to Trial by Jury Claims</u>, is further amended to clarify that:

   i. Jury trial rights can only be asserted against the PI Trust;

   ii. Jury trial rights are not wholly outside the Joint Plan, but rather are affected by the terms of the Joint Plan;

   iii. The § 524(g) injunction is permanent; and

   iv. References to a "third option" of pursuit of a jury trial by which

        Libby Claimants could pursue a tort system trial are eliminated.

  g.  References to Sealed Air/Cryovac and Fresenius in the Amended Memorandum Opinion have been altered to reflect that these entities are Grace's "former affiliates," rather than "subsidiaries."

**2.**  Upon consideration of the Motion of Appellant Garlock Sealing Technologies, LLC's ("Garlock") for Reargument, Rehearing, and/or to Alter or Amend the Judgment (Docket No. 168), Appellees'[2] Brief in Opposition (Docket No. 175), Garlock's Reply (Docket No. 191), and Appellees' Sur-reply (Docket No. 203), it is hereby **ORDERED** as follows:

  a.  Garlock's Motion (Docket No. 168) is **GRANTED**;[3]

  b.  Amendments to the Court's Memorandum Opinion and Order originally issued on January 30, 2012 are reflected in the Amended Memorandum Opinion and Amended Order attached hereto;

  c.  Part IV, Section K, entitled <u>Garlock's Objections to the Joint Plan</u>, is changed to reflect the Court's consideration of the arguments put forth by Garlock and Grace during Oral Argument on May 8, 2012 and in their above-referenced briefing submitted to the Court.

---

[2] The Appellees consist of: (1) the Debtors; (2) the Official Committee of Asbestos Personal Injury Claimants; (3) the Asbestos PI Future Claimants' Representative; and (4) the Official Committee of Equity Security Holders.

[3] A motion for reconsideration filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure is "'a device to relitigate the original issue decided by the district court, and [is] used to allege legal error.'" <u>Simms v. Phelps</u>, No. Civ.A.09-87, 2012 WL 831841, at *1 (D. Del. Mar. 9, 2012) (quoting <u>United States v. Fiorelli</u>, 337 F.3d 282, 288 (3d Cir. 2003)). Such motions may be granted if the moving party shows: (1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court initially issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. <u>Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros</u>, 176 F.3d 669, 677 (3d Cir. 1999).
  Here, there has not been an intervening change in controlling law, nor has new evidence been brought to light that was not initially available to the Court. However, the Court grants Garlock's Motion on the basis that an error of fact must be corrected—specifically, to address this Court's reference to provisions in Garlock's own bankruptcy reorganization plan filed on November 28, 2011 in the Western District of North Carolina. The attached Amended Memorandum Opinion takes into consideration the arguments made by Garlock and Grace both before this Court's initial confirmation of the Joint Plan, and during the most recent Oral Argument and briefing submitted to the Court during the reconsideration stage of the proceedings. Thus, the Court's ruling and findings on all issues related to Garlock's objections to the Joint Plan are discussed in detail in the Amended Memorandum Opinion.

3. Part IV, Section L, entitled The Anti-Assignment Provisions in Insurance Policies Litigation, has been changed to take into account the recent binding precedential holding of the United States Court of Appeals for the Third Circuit in In re Federal-Mogul Global, Inc., Nos. Civ.A.09-2230 & 09-2231, --- F.3d ---, 2012 WL 1511773 (3d Cir. May 1, 2012).

4. Part IV, Section C, Subpart 1(b), entitled Extension of the Channeling Injunction to BNSF, has been changed to take into account the recent holding of the United States Court of Appeals for the Second Circuit in Pfizer, Inc. v. Law Offices of Peter G. Angelos (In re Quigley Co., Inc.), 676 F.3d 45 (2d Cir. 2012).

5. The Amended Memorandum Opinion and Amended Order attached hereto reflect the above alterations. The Amended Memorandum Opinion supersedes the Court's initial Memorandum Opinion issued on January 30, 2012 (Docket No. 165).

6. This Order shall be docketed in both this Court (No. Civ.A.11-199) and the Bankruptcy Court (Bankr. No. 01-1139).

It is so **ORDERED**.

BY THE COURT:

  *s/ Ronald L. Buckwalter*  
RONALD L. BUCKWALTER, S.J.